UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY L WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>REDWOOD CITY, et al.,<br><br>    Defendants. | Case No. 19-CV-01368-LHK<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff, a California state pretrial detainee proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, seeking damages for alleged civil rights violations. Specifically, plaintiff alleged that defendants have violated his civil rights during the course of state criminal proceedings against him. *See generally*, Dkt. No. 1. The criminal proceedings are ongoing. *See id*. As relief, plaintiff seeks a declaration that his rights have been violated, and damages of $100,000 for each day that he is incarcerated. *See id*. at 11.

Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). For the reasons stated below, the Court orders plaintiff to show cause why his motion for leave to proceed IFP should not be denied, and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

1

Case No. 19-CV-01368-LHK
ORDER TO SHOW CAUSE

1     The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they failed to state a claim upon which relief

2

Case No. 19-CV-01368-LHK
ORDER TO SHOW CAUSE

may be granted. Plaintiff is now given notice that the Court believes the following federal district court dismissals may be counted as dismissals for purposes of section 1915(g):

1. *Webb v. Bernett*, No. 98-CV-20566-JF (N.D. Cal. dismissed Nov. 8, 2000) (post-remand, dismissing for failure to state a claim);

2. *Webb v. Nelson*, No. 09-CV-6008-JSW (N.D. Cal. dismissed Nov. 10, 2010) (where complaint was *Heck*-barred on its face, dismissing for failure to state a claim); and

3. *Webb v. City & Cty. of S.F.*, No. 10-CV-1797-JSW (N.D. Cal. dismissed Nov. 15, 2010) (where complaint was *Heck*-barred on its face, dismissing for failure to state a claim).

The Court has evaluated the dismissal order issued in each of these cases and concludes that each dismissal is a strike within the meaning of the PLRA. *See Andrews*, 398 F.3d at 1121 (where the complaint "fails to state a claim on which relief may be granted," the dismissal counts under section 1915(g)); *see also Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) ("Ultimately, we hold that a dismissal may constitute a PLRA strike for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA."); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (noting that the plaintiff's "removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis."); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (district court does not abuse its discretion by dismissing a complaint as malicious, where the complaint "merely repeats pending or previously litigated claims") (citation omitted).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, *see Cervantes*, 493 F.3d at 1053, plaintiff is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

If plaintiff is so inclined, he may avoid dismissal by paying the $400.00 filing fee. The Court notes for plaintiff's benefit that, even if plaintiff pays the filing fee, the Court may still

3

Case No. 19-CV-01368-LHK
ORDER TO SHOW CAUSE

1 dismiss the instant action for failure to state a claim or on some other grounds.

2 In any event, the court will continue to review under section 1915(g) all future actions filed
3 by plaintiff while he is incarcerated and in which he seeks IFP status.

4 <u>Failure to file a timely response or failure to pay the full filing fee will result in the
5 dismissal of this action without further notice to plaintiff.</u>

**IT IS SO ORDERED.**

DATED: August 16, 2019

                *Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE